# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| **ANDREW JORGENSEN,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 1:11cv98 |
| **TREES ACQUISITION, INC., a Utah corporation,** | **District Judge Dee Benson** |
| Defendant. | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Andrew Jorgensen's ("Plaintiff") (1) motion to compel Trees Acquisition, Inc.'s ("Defendant") response to Plaintiff's Second and Third Set of Interrogatories and Requests for Production of Documents and (2) request for sanctions and attorney fees.[2] The court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 38.

[2] *See* docket no. 36.

**BACKGROUND**

This motion arises out of discovery requests related to Plaintiff's action for wrongful termination.[3] During initial disclosures, Defendant represented an intention to rely on a GPS system, Telogis ("GPS program"), to support its defenses and claims. Since this initial disclosure and subsequent discovery, the parties have been in dispute regarding Defendant's use of the GPS program and Plaintiff's ability to cipher through the GPS data. This dispute has led to three separate sets of discovery requests and many email communications between the two parties.

According to the Scheduling Order, the fact discovery deadline was May 30, 2012.[4] On May 31, 2012, Plaintiff sent Defendant a Second Set of Interrogatories and Requests for Production of Documents ("Second Set of Discovery").[5] Then on July 19, 2012, Plaintiff sent Defendant a Third Set of Interrogatories and Requests for Production of Documents ("Third Set of Discovery").[6] Defendant notified Plaintiff that the discovery requests were late and that it would not be responding to them. Plaintiff admitted the discovery requests were untimely,[7] but also asserted that Defendant reopened discovery. While noting that its cooperation "should not be construed as a willingness to extend the fact discovery deadline,"[8] Defendant worked with Plaintiff to provide access to, as well as an understanding of, the GPS program. Finally, on December 17, 2012, Plaintiff filed the instant motion.[9]

---

[3] *See* docket no. 2.

[4] *See* docket no. 24.

[5] *See* docket no. 36-5.

[6] *See* docket no. 36-6.

[7] *See* docket no. 37-3 at 1.

[8] Docket no. 36-1 at 3.

[9] *See* docket no. 37.

**DISCUSSION**

Plaintiff asserts that he has made a good faith effort to obtain the requested information and documents by presenting a long, itemized list of requests and communication between the two parties, from May to October 2012. Plaintiff also argues that "all efforts over the past six months to obtain the necessary information from Defendant have proved futile."[10] Defendant responds that because the discovery requests were served after expiration of the applicable discovery deadline, it was not obligated to respond. Nevertheless, Defendant argues it has cooperated with Plaintiff fully, even after the deadline, to allow him access to records from the GPS program.

**I. MOTION TO COMPEL DISCOVERY**

Litigants are entitled to broad "discovery regarding any nonpriviliged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, the Federal Rules of Civil Procedure also require that parties "must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A); *see also* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served."). In the Tenth Circuit, "requests [for discovery] must be served at least thirty days prior to a completion of discovery deadline." *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003). Additionally, to file a motion to compel discovery, the movant must have, in "good faith[,] conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* DUCivR 37-1(a).

It is not disputed that Plaintiff did not serve Defendant with either the Second or Third Set of Discovery until after the fact discovery deadline. Despite Plaintiff's contentions to the

---

[10] Docket no. 36 at 3.

contrary, discovery was never reopened. Plaintiff points to two email communications to support his claim, but neither email indicates that the parties agreed to reopen fact discovery. Instead, the email communication cited by Plaintiff explicitly recognizes that Defendant's cooperation "should not be construed as a willingness to extend the fact discovery deadline."[11] Finally, there is nothing in the docket to suggest that the Scheduling Order was amended to extend the fact discovery deadline.

  The record also does not support Plaintiff's averment that his motion to compel has come after a good faith attempt to confer with Defendant. On October 8, 2012, Defendant provided Plaintiff with a username and password to the GPS program. This login access allowed Plaintiff and his expert personal access to the data, as well as the opportunity to obtain and review all the data they desired. Defendant also offered to assist Plaintiff and his expert with any difficulties that may arise in navigating the GPS program. After receiving this information, Plaintiff did not make any additional demands on Defendant, nor did Plaintiff indicate he was having any additional problems, concerns, or dissatisfaction regarding the provided data or the GPS program.

  Had Plaintiff attempted to confer with Defendant after receiving this login information, it appears that Defendant would have willingly cooperated to help ameliorate any problems understanding the GPS program. For instance, on July 13, 2012, Defendant met with Plaintiff's attorney and expert to demonstrate how the GPS system worked and agreed to provide to Plaintiff's expert additional data and access. Furthermore, despite the insufficiency of the Second and Third Sets of Discovery, Defendant provided printouts of data collected from the GPS system and provided them to Plaintiff on a CD. After Plaintiff's attorney complained the

---

[11] Docket no. 36-1 at 3.

data was not in an electronic format,[12] Defendant offered to allow Plaintiff to sort through the data on Defendant's own computers. Again, Plaintiff complained these efforts were "unacceptable."[13] Finally, on October 8, 2012, Defendant provided login information to Plaintiff. Neither party records any communication regarding discovery after this date.

On December 17, 2012, Plaintiff filed this motion to compel.[14] The two-month period between October and December of no communication regarding the discovery requests, especially after Defendant's many efforts to cooperate, cannot be considered an effort to confer in good faith to obtain discovery. If Plaintiff was still dissatisfied with the additional information Defendant had provided, Plaintiff could have notified Defendant as he had done before. Furthermore, Plaintiff could have notified Defendant that he did not view the discovery as complete and, as such, intended to file a motion to compel. For these reasons, Plaintiff's motion to compel is **DENIED.**

## II.  SANCTIONS AND ATTORNEY FEES

Plaintiff also requests sanctions and attorney fees because "Defendant's refusal to cooperate with discovery . . . has occasioned needless attorneys fees and expert fees."[15] However, discovery sanctions are only warranted if the "motion is granted" or "if the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A). Because the motion to compel has been denied and Defendant has not been ordered to provide the requested discovery, Plaintiff's request for sanctions is likewise **DENIED.**

---

[12] The court is puzzled by this assertion, as a CD generally contains data in an electronic format.

[13] Docket no. 36-1 at 8.

[14] *See* docket no. 36.

[15] *Id.* at 12.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to compel discovery and request for sanctions[16] are hereby **DENIED.**

**IT IS SO ORDERED**.

DATED this 7th day of February, 2013.

BY THE COURT:

_____

PAUL M. WARNER  
United States Magistrate Judge

---

[16] *See* docket no. 36.