IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH - NORTHERN DIVISION

| | |
|---|---|
| **ANDREW JORGENSEN,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**TREES ACQUISITION, INC., a Utah corporation,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:11-cv-98-DB-PMW<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

  This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Trees Acquisition, Inc.'s ("Defendant") second Motion for Sanctions, filed pursuant to rule 37 of the Federal Rules of Civil Procedure.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## BACKGROUND

  On December 17, 2012, Andrew Jorgensen ("Plaintiff"), by and through his counsel filed an initial Motion to Compel Discovery with the Court ("Initial Motion").[3] On December 31,

---

[1] *See* docket no. 38.

[2] *See* docket no. 42.

[3] *See* docket no. 36.

2012, Defendant filed a Memorandum in Opposition to the Initial Motion.[4] Plaintiff chose not to file a reply to the Defendant's opposition memorandum.[5] After the date to file a reply in support of the Initial Motion had passed, the court, as customary, began a review of the parties' memoranda in order to make a decision. After a careful review of the memoranda and arguments on both sides, the court issued its Memorandum Decision and Order on February 7, 2013 ("Order").[6]

The Order denied Plaintiff's Initial Motion for a number of reasons, among them: (1) the court determined that fact discovery had not been reopened, as Plaintiff contended; and (2), that Plaintiff had not submitted the motion to compel "in good faith [after] confer[ing] or attempt[ing] to confer" with Defendant. FED. R. CIV. P. 37(a)(1). The Plaintiff's Initial Motion was not "dismissed" as Plaintiff claims,[7] rather, the court denied the Initial Motion based on the merits of the claims, the Federal Rules of Civil Procedure, and common-law principles regarding discovery.

On February 15, 2013, Plaintiff filed a second Motion to Compel Discovery ("Second Motion") that was substantially similar to the Initial Motion.[8] This filing by Plaintiff caused Defendant to prepare and file another Memorandum in Opposition with the court,[9] specifically to oppose the Second Motion and to move for an award of sanctions against Plaintiff. While at mediation concerning this matter, Plaintiff became cognizant of the fact that the court had indeed

---

[4] *See* docket no. 37.

[5] *See* docket no. 43-1.

[6] *See* docket no. 39.

[7] Docket no. 43-1.

[8] *See* docket no. 40.

[9] *See* docket no. 41.

considered the merits of the Initial Motion when issuing the Order, denying the same. Upon this realization, Plaintiff withdrew the Second Motion.[10] Thus, Defendant's motion for sanctions is all that is before the court.

## ANALYSIS

After careful consideration, the court concludes that sanctions should be imposed upon Plaintiff's counsel, Lorraine P. Brown ("Ms. Brown"). While recognizing that sanctions may not be available under rule 37 of the Federal Rules of Civil Procedure, *see Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601, 605 (10th Cir. 1984) (stating that because the plaintiff voluntarily withdrew the motion to compel discovery the court neither granted nor denied the motion, and therefore, rule 37 "simply does not provide for an award under such circumstances"), the court elects to impose sanctions on Ms. Brown for negligent actions in representing her client, thus burdening taxpayers, the court system, and opposing counsel.

In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court noted it is well established that courts have inherent powers not "governed . . . by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (quotations and citation omitted). The *Chambers* Court also stated that "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45; *see also In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (stating that courts have "inherent power" to "manage their affairs as an independent constitutional branch of government"); *Mass. Sch. of Law at Andover,*

---

[10] *See* docket no. 43.

*Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1179 (E.D. Pa. 1996) ("As part of its inherent power, a court has wide latitude in fashioning an appropriate remedy.").

In *Baker*, the Tenth Circuit noted that lawyers have a "high duty to insure the expeditious and sound management of the preparation of cases for trial." *Baker*, 744 F.2d at 1440. The *Baker* court went on to state that:

> [W]e are dealing with the matter most critical to the court itself: management of its docket and *avoidance of unnecessary burdens on the tax-supported courts* . . . . The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to *compensate opposing parties for inconvenience and expense incurred* because of any noncompliance . . . .

*Id.* at 1441 (emphasis added).

The court notes, that in this particular matter, there does not seem to be an act of defiance or bad faith by Ms. Brown. Rather, by filing the Second Motion, which was substantially similar to the Initial Motion, Ms. Brown's actions were negligent in light of the Order. Had she carefully reviewed the Order issued on the Initial Motion, she would have never filed the Second Motion. Thus, Ms. Brown has unduly burdened opposing counsel, the court, and the taxpayers who support the court by wasting time and precious resources.

Ms. Brown acknowledges that she is fully responsible for filing the Second Motion, and that she is solely responsible for her "mistaken assumptions."[11] The court is not persuaded by her explanation as to why she thought the Initial Motion was "dismissed," rather than denied on the merits. The Order was issued in a standard manner. Also, the court is not persuaded by her arguments that she withdrew the Second Motion as soon as she realized her mistaken assumption

---

[11] Docket no. 45-2.

and, therefore, no sanctions should be imposed. At the point of Ms. Brown's withdrawal, the economic impact was already imposed upon Defendant.

The sanctions imposed are to apply only to Ms. Brown. *See* FED. R. CIV. P. 37(a)(5)(A) (providing that "the party or deponent whose conduct necessitated the motion, *the party or attorney advising that conduct*, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" (emphasis added)). In quoting the *Baker* decision, the Tenth Circuit stated in *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869 (10th Cir. 1987), that "[w]here sanctions are concerned, however, we have cautioned that 'if the fault lies with the attorneys, that is where the impact of the sanction should be lodged.'" *Id.* at 873 (quoting *Baker*, 744 F.2d at 1442). As Ms. Brown herself has noted, she and she alone is responsible for her actions. As such, Ms. Brown is the only person that sanctions are intended for, and she alone shall be responsible for the payment thereof. She is not to demand, ask for, or accept any aid, assistance, or help in making the payment, specifically from her client in this matter.

In the interest of caution, and to provide Ms. Brown with an opportunity to be heard on the issue, the court gives the following guidance. On or before August 16, 2013, Defendant's counsel shall file with the court an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in opposing Plaintiff's *Second Motion*. Defendant's counsel is not to take into consideration any time or expenses incurred in opposing the Initial Motion. After receiving Defendant's counsel's affidavit and cost memorandum, Ms. Brown shall file a written submission detailing her position as to the reasonableness of the expenses. The court does not want further argument on the appropriateness of sanctions, as that has already been decided. Ms. Brown will file her response with the court on or before August 30, 2013.

After receipt of those filings, the court will make a final determination concerning the award of sanctions against Ms. Brown.

## CONCLUSION

In summary, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Sanctions[12] is **GRANTED.**

2. Defendant's counsel will prepare and file an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in opposing Plaintiff's *Second Motion*. Defendant's counsel's filing with the court should take place on or before August 16, 2013.

3. After Defendant's counsel's filing, Ms. Brown will then have an opportunity to respond, thereby informing the Court of her position on the issue of sanctions, as noted above. Ms. Brown's response should be filed with the court on or before August 30, 2013.

**IT IS SO ORDERED.**

DATED this 30th day of July, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[12] *See* docket no. 42.